Honorable Ronald B. Leighton

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LYNN ANN HUST, | |
| Plaintiff, | No. C08-5501 RBL |
| v. | |
| (1) The State of Wyoming;<br>(2) The State of Washington;<br>(3) Dave Freudenthal, Governor of the State of Wyoming;<br>(4) Christine O. Gregoire, Governor of the State of Washington;<br>(5) Richard C. Bohling, Prosecuting Attorney for Albany County, State of Wyoming;<br>(6) Gwendolyn K. Smith, Police Officer, Laramie Police Department, City of Laramie, State of Wyoming;<br>(7) A. Joe Hageman, Attorney and City Council Member, City of Laramie, State of Wyoming;<br>(8) City Council. The City of Laramie. County of Albany, State of Wyoming;<br>(9) County Board of Commissioners, The County of Albany, State of Wyoming;<br>(10) Second Judicial Circuit Court, County of Albany. State of Wyoming;<br>(11) Laramie Police Department, City of Laramie, Wyoming;<br>(12) Albany County Sheriffs | MOTION TO STAY DISCOVERY BY CLARK COUNTY AND BATTLE GROUND DEFENDANTS<br><br>(14), (15), (16), (17), (18) CLARK COUNTY, WASHINGTON, a political subdivision of the State of Washington<br>(27) ARTHUR DAVID CURTIS, Prosecuting Attorney, Clark County, Washington;<br><br>(13) BATTLE GROUND POLICE DEPARTMENT, Battle Ground, Washington<br>(19) CITY COUNCIL, Battle Ground, Washington<br>(28) DOE ONE, Battle Ground Police Officer<br>(29) DOE TWO, Battle Ground Police Officer<br>(30) DOE THREE, Battle Ground Police Officer<br>(31) DOE FOUR, Battle Ground Police Officer |

MOTION TO STAY DISCOVERY BY
CLARK COUNTY AND BATTLE GROUND
DEFENDANTS
Page - 1 of 6

CLARK COUNTY PROSECUTING ATTORNEY
CIVIL DIVISION
1013 FRANKLIN ST.• PO BOX 5000
VANCOUVER, WASHINGTON 98666-5000
(360) 397-2478 (OFFICE) / (360) 397-2184 (FAX)

Department, County of Albany, State of Wyoming;
(13) Battle Ground Police Department, City of Battle Ground, State of Washington;
(14) Clark County Sheriff's Department, County of Clark, State of Washington;
(15) Office of the Clark County Prosecuting Attorney, County of Clark, State of Washington;
(16) District Court, County of Clark, State of Washington;
(17) Superior Court, County of Clark, State of Washington;
(18) County Board of Commissioners, County of Clark, State of Washington;
(19) City Council, The City of Battle Ground, State of Washington;
(20) Washington State Patrol, State of Washington;
(21) Laramie Plains Community Federal Credit Union;
(22) Laramie Boomerang;
(23) Casper Star-Tribune, Casper, Wyoming;
(24) News Corporation;
(25) Media News Group;
(26) The Associated Press;
(27) Arthur David Curtis, Prosecutor, Clark County, Washington;
(28) Doe One Battle Ground Police Arresting Officer, May 1, 2006;
(29) Doe Two Battle Ground Police Arresting Officer, May 1, 2006;
(30) Doe Three Battle Ground Police Arresting Officer, June 13, 2006;
(31) Doe Four Battle Ground Police Arresting Officer, June 13, 2006,
Defendants.
         Defendants.

(Note for Motion Calendar: Nov. 7, 2008)

MOTION TO STAY DISCOVERY BY CLARK COUNTY AND BATTLE GROUND DEFENDANTS
Page - 2 of 6

CLARK COUNTY PROSECUTING ATTORNEY
CIVIL DIVISION
1013 FRANKLIN ST.• PO BOX 5000
VANCOUVER, WASHINGTON 98666-5000
(360) 397-2478 (OFFICE) / (360) 397-2184 (FAX)

## I. MOTION

COME NOW, defendants CLARK COUNTY, a political subdivision of the State of Washington, and ARTHUR DAVID CURTIS, Prosecuting Attorney, Clark County, Washington, by and through their attorney, Bernard F. Veljacic, Deputy Prosecuting Attorney, and Defendants BATTLEGROUND CITY COUNCIL, BATTLE GROUND POLICE DEPARTMENT, DOE ONE, DOE TWO, DOE THREE, and DOE FOUR, by and through their attorney, John Justice, and move the Court to stay the following: Discovery conference, as required by FED. R. CIV. P. 26(f); initial disclosures, as required by FED. R. CIV. P. 26(a)(1); initiation of discovery, as required by FED. R. CIV. P. 26; and joint status report and discovery plan, as required by FED. R. CIV. P. 26(f), local rule CR 16. This motion is made based on the existence of an immunity defense on behalf of the defendants.

This motion is based on the records and files herein, and the Points and Authorities submitted herewith.

## II. FACTS

On August 13, 2008, Lynn Ann Hust filed suit against the above-captioned defendants in the present court alleging conspiracy and false charges stemming from a criminal case filed against her in Laramie, Wyoming. Hust has requested damages, attorney's fees, costs, and injunctive relief in an effort to cease execution of warrants issued by Laramie, Wyoming judicial officers seeking her extradition. Moreover, Ms. Hust has named in her suit Clark County Courts, Sheriff, Prosecuting Attorney, and Battleground police officers, all of whom carry out law enforcement functions under the general protection of immunity from civil suit.

MOTION TO STAY DISCOVERY BY
CLARK COUNTY AND BATTLE GROUND
DEFENDANTS
Page - 3 of 6

CLARK COUNTY PROSECUTING ATTORNEY
CIVIL DIVISION
1013 FRANKLIN ST.• PO BOX 5000
VANCOUVER, WASHINGTON 98666-5000
(360) 397-2478 (OFFICE) / (360) 397-2184 (FAX)

Ms. Hust filed a similar lawsuit based on substantially the same facts in United States District Court for the Southern District of California on July 31, 2006 (Case No.: CV-06-01537 IEG); that case was dismissed on August 7, 2006 by The Hon. Irma E. Gonzalez due to lack of jurisdiction, lack of standing, and failure to state a claim. The dismissal was affirmed by the United States Court of Appeals for the 9th Circuit on August 22, 2007 (Court of Appeals No. 06-56279).

The allegations brought by Hust in the present case are barred by immunity, the Rooker-Feldman doctrine, in addition to other potential defenses. Moreover, the preceding lawsuit by Ms. Hust may have preclusive effect which would prevent the case at bar from proceeding.

### III. POINTS AND AUTHORITIES

A.  <u>Discovery should not proceed until the threshold issue of immunity is resolved.</u>

The Supreme Court has held that until the threshold issue of immunity is resolved, discovery should not proceed. <u>DiMartini v. Ferrin</u>, 889 F.2d 922, 926, 1989 U.S. App. LEXIS 17366 (9th Cir., 1990), citing, <u>Harlow Et Al v. Fitzgerald</u>, 457 U.S. 800, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982).

"Absolute immunity, where applicable, is a protection not only from liability but also from being answerable in any way for one's actions." <u>Miller v. Gammie</u>, 335 F.3d 889, 894, 2003 U.S. App. LEXIS 13720, 2004 Daily Journal DAR 7566. The <u>Miller</u> court recognized that "[t]he defendants, if they were immune, would be prejudiced by ... continuing the litigation, even for the duration of limited discovery, because they would be required to continue to participate in litigation." <u>Miller</u> at 895.

MOTION TO STAY DISCOVERY BY
CLARK COUNTY AND BATTLE GROUND
DEFENDANTS
Page - 4 of 6

CLARK COUNTY PROSECUTING ATTORNEY
CIVIL DIVISION
1013 FRANKLIN ST.• PO BOX 5000
VANCOUVER, WASHINGTON 98666-5000
(360) 397-2478 (OFFICE) / (360) 397-2184 (FAX)

Indeed, the court in Harlow v. Fitzgerald, 457 U.S. 800, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982), recognized the additional costs, both in terms of litigation costs and in governmental intrusion, inherent in a discovery process where an immunity defense existed. That court ruled "we conclude today that bare allegations of malice should not suffice to subject government officials either to the costs of trial or to the burdens of broad reaching discovery. Harlow at 817.

DiMartini involved DiMartini's suit against a federal agent, Ferrin, for violation of DiMartini's civil rights. The DiMartini court acknowledged the authority of a Federal District Court in staying discovery where an immunity question remained outstanding. Simultaneously, the court, in light of the fact of limited discovery, recognized a relaxed standard when considering plaintiff's affidavits opposing summary judgment. DiMartini at 926-927. See also, Pelletier v. Federal Home Loan Bank of San Francisco, et al., 968 F.2d 865, 1992 U.S. App. LEXIS 14638, 92 Daily Journal DAR 9255 (9th Cir., 1992).

To proceed with discovery where a defendant is asserting immunity, as in this case, would be to force that defendant to answer, where the very reason for providing immunity is to avoid forcing the defendant to so answer. The authority is such that delaying discovery in this case is justified.

## IV. CONCLUSION

Based on the foregoing, there is ample authority for the court to stay discovery on this case to allow the parties to file dispositive motions. The defendants seek an order from the court setting a date for submission of dispositive motions, while setting initial disclosures and initiation of discovery to commence 14 days following the court's ruling on the dispositive

MOTION TO STAY DISCOVERY BY
CLARK COUNTY AND BATTLE GROUND
DEFENDANTS
Page - 5 of 6

CLARK COUNTY PROSECUTING ATTORNEY
CIVIL DIVISION
1013 FRANKLIN ST.• PO BOX 5000
VANCOUVER, WASHINGTON 98666-5000
(360) 397-2478 (OFFICE) / (360) 397-2184 (FAX)

motions. Further, the defendants request an order setting the joint status report for 21 days following the court's ruling on the dispositive motions.

DATED this 23rd day of October, 2008.

*s*/Bernard F. Veljacic, WSBA #28702
Attorney for Defendants
Clark County Prosecuting Attorney, Civil Division
PO Box 5000
Vancouver WA 98666-5000
Telephone: (360) 397-2478
Facsimile: (360) 397-2184
bernard.veljacic@clark.wa.gov

LAW, LYMAN, DANIEL,
KAMERRER & BOGDANOVICH, P.S.

*s*/John E. Justice, WSBA #23042
Attorney for Battle Ground Defendants
PO Box 11880
Olympia WA 98508-1880
Telephone: (360) 754-3480
Facsimile: (360) 357-3511
jjustice@lldkb.com

## CERTIFICATE OF SERVICE

I, Thelma Kremer, hereby certify that on this 23rd day of October, 2008, I electronically filed the foregoing *Motion to Stay Discovery by Clark County and Battle Ground Defendants* with the Clerk of the Court using the CM/ECF system, who will electronically send notice to the plaintiff.

*s*/Thelma Kremer
Clark County Prosecutor's Office
Civil Division

MOTION TO STAY DISCOVERY BY
CLARK COUNTY AND BATTLE GROUND
DEFENDANTS
Page - 6 of 6

CLARK COUNTY PROSECUTING ATTORNEY
CIVIL DIVISION
1013 FRANKLIN ST.• PO BOX 5000
VANCOUVER, WASHINGTON 98666-5000
(360) 397-2478 (OFFICE) / (360) 397-2184 (FAX)