The Honorable Ronald B. Leighton

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| Lynn Ann Hust, | ) | No. C08 5501RBL |
| | ) | |
| Plaintiff, | ) | MOTION TO DISMISS |
| | ) | COMPLAINT UNDER FED. R. |
| v. | ) | CIV. P. 12(C) BY DEFENDANTS |
| | ) | ASSOCIATED PRESS, CASPER |
| The State of Wyoming, et al., | ) | STAR-TRIBUNE, LARAMIE |
| | ) | BOOMERANG, NEWS CORP., |
| Defendants. | ) | AND MEDIANEWS GROUP |
| | ) | |
| | ) | NOTE ON MOTION CALENDAR: |
| | ) | January 9, 2009 |
| | ) | |

## I.    INTRODUCTION

Plaintiff Lynn Ann Hust's claims make little sense, but she appears generally to allege that various state actors and media members somehow conspired to deprive her of various rights.  Even so, the Court need not make sense of her claims as against Defendants Associated Press, Casper Star-Tribune, Laramie Boomerang, News Corp., and MediaNews Group ("Media Defendants").  The acts these defendants allegedly committed took place more than two years ago and are barred by the applicable statute of limitations. In any event, plaintiff has not alleged any federal claims against the Media Defendants, and

MEDIA DEFENDANTS' MOTION TO DISMISS (C08-
5501RBL) — 1
35668-0002/LEGAL15027261.1
DWT 12178015v4 0025295-000040

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

1    her attempt to drag them into the lawsuit by alleging a conspiracy to violate federal law

2    fails to identify with sufficient particularly the elements of the claimed conspiracy.

3    Finally, the Court should also dismiss plaintiff's false light claims because Washington has

4    not recognized this tort.

5                    II.    SUMMARY OF RELEVANT FACTS

6            On August 13, 2008, Plaintiff Lynn Ann Hust filed the complaint *pro se*, alleging

7    that Media Defendants are "responsible for the false light publication on May 20, 2005 in

8    furtherance of the WIA conspiracy."  Complaint, ¶¶ 42-45, 358.  She also claims the

9    existence of several articles published by Media Defendants, but does not appear to claim

10   any of these articles were false and defamatory.  *See id.* ¶¶ 96, 125-26, 137, 165-68, 272.

11   These articles were allegedly published on August 11, 2002, ¶¶ 125-26, 165, November 6,

12   2002, ¶ 166, December 18, 2002, ¶ 167, January 8, 2003, ¶ 168, May 20, 2005, ¶ 96, June

13   15, 2006, ¶ 137, and July 17, 2006, ¶ 272.

14           Plaintiff also alleges that unknown third parties used the "First Amendment assets"

15   of Media Defendants to commit defamation and false light.  *Id.* ¶ 225.  Plaintiff asserts that

16   Media Defendants failed to tell her side of the story, aimed to "silence a federal

17   whistleblower with retaliation," and invaded her privacy with the "false light" publications.

18   *Id.* ¶¶ 359-60, 363, 401.

19           Plaintiff also generally alleges Media Defendants engaged in conspiracy.  *E.g.,* ¶¶

20   294, 358, 363.  She claims that numerous state actors "with one or more agents of the

21   following defendants"… "agreed to both the objective and the course of action that would

22   result the injury [sic] to Events WorldWide and plaintiff; one or more of them did commit

23   one or more of the following overt acts pursuant to that agreement."  *Id.* ¶ 294.  The listed

MEDIA DEFENDANTS' MOTION TO DISMISS (C08-
5501RBL) — 2

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

1    defendants include Media Defendants, and the paragraph describes several acts that "one

2    or more of them" allegedly committed.  *See id.*

### III.    ARGUMENT

**A.    Plaintiff's Claims Are Subject To a Heightened Pleading Standard.**

5    A motion to dismiss under Rule 12(c) tests a complaint's legal sufficiency,[1] a test

6    that plaintiff has failed to meet.  Plaintiff must allege "enough facts to state a claim to relief

7    that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974

8    (2007).  Although the Court must accept as true a complaint's well-pleaded factual

9    allegations, the Ninth Circuit has "consistently emphasized… that conclusory allegations

10   of law and unwarranted inferences will not defeat an otherwise proper motion to dismiss."

11   *Vasquez v. Los Angeles County*, 487 F.3d 1246, 1249 (9th Cir. 2007) (citation omitted).

12   "[T]he court is not required to accept legal conclusions cast in the form of factual

13   allegations if those conclusions cannot reasonably be drawn from the facts alleged."  *Clegg*

14   *v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).  This rule applies equally

15   to complaints by *pro se* litigants.  *Jones v. Community Redev't Agency of Los Angeles*, 733

16   F.2d 646, 649 (9th Cir. 1984).

17   Media Defendants recognize that "[t]he allegations of a *pro se* complaint, however

18   inartfully pleaded, should be held to less stringent standards than formal pleadings drafted

19   by lawyers."  *Id.* (internal quotation marks and citation omitted).  However, as *Jones* and

20   other cases instruct, a *pro se* complaint will be dismissed if the complaint and the

21   circumstances giving rise to the complaint establish that the plaintiff has not alleged and

22

---

23   [1] A motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is decided under the same standard that applies to a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6).  *See McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988).

MEDIA DEFENDANTS' MOTION TO DISMISS (C08-5501RBL) — 3

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200  ·  1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150  ·  Fax: (206) 757-7700

1    cannot allege a claim. *Id*. at 649-50; *see also Schucker v. Rockwood*, 846 F.2d 1202, 1204-

2    05 (9th Cir. 1988); *Simson v. United States*, 56 F. Supp. 2d 1193, 1194 (D. Or. 1999)

3    (dismissing *pro se* complaint without leave to amend because of contrary controlling

4    authority); *McMillan v. Dep't of Interior*, 907 F. Supp. 322, 329 (D. Nev. 1995), *aff'd*, 87

5    F.3d 1320 (9th Cir. 1996) (dismissing complaint by *pro se* litigant without leave to amend

6    because some claims legally barred and other claims frivolous). *Cf. Marks v. United*

7    *States*, 578 F.2d 261, 263-64 (9th Cir. 1978) (affirming entry of summary judgment against

8    *pro se* plaintiff because claims purely speculative); *United States v. Bell*, 27 F. Supp. 2d

9    1191, 1197 (E.D. Cal. 1998) (*pro se* litigants must "follow the same rules of procedure that

10   govern other litigants"; affirming entry of summary judgment against *pro se* plaintiff).

11          In addition, the plaintiff must present "a short and plain statement of the claim

12   showing that the pleader is entitled to relief…." Fed. R. Civ. P. 8(a)(2). Courts apply Rule

13   8(a)'s requirements more stringently in cases alleging defamation and related claims that

14   implicate First Amendment rights. *Harris v. City of Seattle*, 2003 WL 1045718, at *3

15   (W.D. Wash. Mar. 3, 2003) ("[C]ourts should consider First Amendment concerns even at

16   the pleading stage."); *see also Flowers v. Carville*, 310 F.3d 1118, 1130-31 (9th Cir. 2002)

17   (noting "[t]he First Amendment is not irrelevant at the pleading stage," and finding a

18   defamation allegation sufficient when it pled "the precise statements alleged to be

19   defamatory, who made them and when."); *Franchise Realty Interstate Corp. v. San*

20   *Francisco Local Joint Exec. Bd. of Culinary Workers*, 542 F.2d 1076, 1082-83 (9th Cir.

21   1976) (where "conduct… is prima facie protected by the First Amendment, the danger that

22   the mere pendency of the action will chill the exercise of First Amendment rights requires

23   more specific allegations than would otherwise be required"). This principle is not limited

MEDIA DEFENDANTS' MOTION TO DISMISS (C08-
5501RBL) — 4

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

to defamation claims, and applies equally to any claims whose injury stems from First

Amendment activity.[2]

B.    **Plaintiffs' Claims Are Barred by the Statute of Limitations.**

Defamation claims must be brought within two years of publication.  RCW

4.16.100.  Included within this limit are all causes of action based on allegedly defamatory

statements, including false light claims.  *Eastwood v. Cascade Broad. Co.*, 106 Wn.2d 466,

722 P.2d 1295 (1986) (applying two-year statute of limitations to bar negligence, negligent

infliction of emotional distress, and false light claims where defamation claim, based on

same facts, was also time-barred).

Here, the most recent publication by any of the Media Defendants allegedly

occurred on July 17, 2006.  Complaint ¶ 272.  Plaintiff filed her complaint August 13,

2008.  More than two years elapsed between these dates, meaning plaintiff's claims—all of

which stem from allegedly defamatory statements—must be dismissed with prejudice.

C.    **Plaintiff Fails to Allege Publication By Defendants News Corp. and**
**MediaNews Group, A Prerequisite To a Defamation Claim.**

"[A] defamation plaintiff must show four essential elements: falsity, an

unprivileged communication, fault, and damages." *Mark v. Seattle Times*, 96 Wash.2d 473,

486, 635 P.2d 1081 (1981).  Plaintiff has failed to allege that defendants News Corp. and

MediaNews Group made any communications—i.e., that they published any statements at

all, let alone defamatory ones.  Only one paragraph refers to them:

---

[2] For example, those seeking to challenge an individual's First Amendment petition rights face these same
heightened pleading requirements.  *See Or. Natural Res. Council v. Mohla*, 944 F.2d 531, 533 (9th Cir.
1991); *Franchise Realty Interstate Corp. v. S.F. Local Joint Exec. Bd. of Culinary Workers*, 542 F.2d 1076,
1082-83 (9th Cir. 1976).

MEDIA DEFENDANTS' MOTION TO DISMISS (C08-
5501RBL) — 5

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

1    44.    News Corporation and MediaNews Group, 101 W. Colfax Avenue,
     Suite 1100; Denver, Colorado 80202 is responsible for the false light
2    publication on May 20, 2005 in furtherance of the WIA conspiracy.

3   Only by guessing might these defendants figure out how they are related to the false light

4   publication. Rule 8 requires a more specific allegation than this cryptic statement. Neither

5   News Corp. nor MediaNews owns or has any relationship to either of the newspapers

6   where the article allegedly appeared. The Court should dismiss plaintiff's claims for this

7   additional reason.

8       **D.    Plaintiff Fails to Allege Any Actionable Conspiracy.**

9       Plaintiff's conspiracy claims, too, are subject to a heightened pleading standard.

10  "[T]o survive a motion to dismiss, plaintiffs alleging a conspiracy to deprive them of their

11  constitutional rights must include in their complaint nonconclusory allegations containing

12  evidence of unlawful intent or face dismissal prior to the taking of discovery." *Harris v.*

13  *Roderick,* 126 F.3d 1189, 1195 (9th Cir. 1997); *see also Twombly*, 127 S. Ct. at 1966

14  (2007) ("a bare assertion of conspiracy will not suffice… and a conclusory allegation of

15  agreement at some unidentified point does not supply facts adequate to show illegality.");

16  *Buckey v. County of Los Angeles,* 968 F.2d 791, 794 (9th Cir. 1992).

17      As Judge Robert Sack of the Second Circuit has aptly observed, "[a] libel or

18  slander action cannot be pleaded or prosecuted as an action for 'conspiracy'" because

19  "[p]lainly, the fact that two or more persons were involved in one way or another in the

20  publication of an allegedly defamatory statement does not transmute the defendants'

21  behavior into an actionable conspiracy." Sack on Defamation, § 13.9, at 13-64 (3d ed.

22  2006). Simply put, "[a]n action for defamation may not be pleaded as a conspiracy."

23

MEDIA DEFENDANTS' MOTION TO DISMISS (C08-
5501RBL) — 6

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

1    *Cohn v. Nat'l Broad. Co.*, 3 Med. L. Rptr. 1999 (N.Y. Sup. Ct. 1978); *Russo v. Advance*

2    *Public'ns, Inc.*, 33 A.D.2d 1025, 1025, 307 N.Y.S.2d 916, 916 (N.Y. App. 1970).

3         Even where a cognizable defamation claim exists, courts apply the law of civil

4    conspiracy with particular care to avoid stifling speech.  "Collaboration between

5    individuals with an axe to grind and reporters eager for a story is not uncommon; rather, it

6    is the way the new media frequently operate…. But such collaboration does not, without

7    more, a conspiracy make…"  *Dowd v. Calabrese*, 589 F. Supp. 1206, 1213 (D.D.C. 1984).

8    In *Dowd*, two federal prosecutors alleged they were defamed by a Wall Street Journal story

9    suggesting that they had used an improper means to persuade Samuel Calabrese, a reputed

10   organized crime figure, to cooperate with the government.  *Id*. at 1210.  Plaintiffs alleged a

11   conspiracy between the reporter and Calabrese, who had acted as a source, but the court

12   rejected the claim because "the traditionally-recognized relationships between sources and

13   reporters could become actionable as conspiracies on a substantial scale, and the inevitable

14   result would be the 'chilling' of such relationships and collaborations, to the detriment of

15   the values inherent in the First Amendment."  *Id*. at 1214.

16        Plaintiff has made nothing more than conclusory allegations of conspiracy.  She has

17   not identified the participants of the alleged agreement (stating only that "one or more" of

18   the numerous defendants were involved).  Nor has she provided the date such agreement

19   was made, the place where it took place, or its precise content.  Indeed, plaintiff has

20   pleaded no more than that Media Defendants published stories.  Plaintiff's claims thus

21   appear to be based on nothing more than the fact that Media Defendants published articles

22   for which, like all journalists, they had sources, and should therefore be dismissed.

23

MEDIA DEFENDANTS' MOTION TO DISMISS (C08-
5501RBL) — 7
35668-0002/LEGAL15027261.1
DWT 12178015v4 0025295-000040

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

1

**E.    The Court Should Dismiss Plaintiff's False Light Claims Because Washington Has Not Recognized This Tort.**

2

3

The Washington Supreme Court has not recognized the false light tort.  *Eastwood*

*v. Cascade Broad. Co.*, 106 Wn.2d 466, 473-74, 722 P.2d 1295 (1986); *Hoppe v. Hearst*

4

*Corp.*, 53 Wn. App. 668, 677 n. 5, 770 P.2d 203 (1989) ("[T]he trial court could have

5

properly dismissed Hoppe's false light claim on the basis that thus far, Washington has not

6

recognized the tort.").  The Court should thus dismiss plaintiff's false light claims for this

7

additional reason.

8

**IV.    CONCLUSION**

9

For the foregoing reasons, Media Defendants respectfully request the Court dismiss

10

the Complaint with prejudice.

11

DATED this 18th day of December, 2008.

12

13                                              Davis Wright Tremaine LLP
                                                Attorneys for Defendants Associated Press,
14                                              Casper Star-Tribune, Laramie Boomerang and
                                                News Corp.

15

16                                              By /s/ Ambika Doran_____
17                                                  Bruce E. H. Johnson, WSBA #7667
                                                    Ambika Doran, WSBA #38237

18

19                                              Perkins Coie LLP
                                                Attorneys for Defendant MediaNews Group
20

21                                              By _/s/ David J. Burman_____
22                                                  David J. Burman, WSBA #10611

23

MEDIA DEFENDANTS' MOTION TO DISMISS (C08-
5501RBL) — 8

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

# CERTIFICATE OF SERVICE

I hereby certify that on Dec. 18, 2008, I electronically filed the document to which

this certificate is attached with the Clerk of the Court using the CM/ECF system, which

will send notification of such filing to the following:

**FOR PLAINTIFF PRO SE:**          **Via Electronic Service by U.S.D.C.**
                                   lynnhust@officialhmusa.com
Lynn Ann Hust
1501 N.E. 20th Avenue              **(Copy also being simultaneously sent by**
Battle Ground, WA  98604           **U.S. First Class mail.)**

| | |
|---|---|
| **FOR DEFENDANT BATTLE GROUND POLICE DEPARTMENT; CITY COUNCIL (THE CITY OF BATTLE GROUND, STATE OF WASHINGTON); AND  DEFENDANTS DOES ONE-FOUR:**<br><br>John E. Justice, WSBA No. 23042<br>Law, Lyman, Daniel, Kamerrer & Bogdanovich, P.S.<br>P.O. Box 11880<br>Olympia, WA  98508-1880 | **Via Electronic Service by U.S.D.C.**<br><br><br>jjustice@lldkb.com |
| **FOR DEFENDANT CLARK COUNTY PROSECUTING ATTORNEY, CLARK COUNTY SUPERIOR COURT, COUNTY BOARD OF COMMISSIONERS, THE COUNTY OF ALBANY, STATE OF WYOMING,**<br><br>Bernard F. Veljacic<br>P.O. Box 5000<br>Vancouver, WA  98666-500 | **Via Electronic Service by U.S.D.C.**<br><br><br>bernard.veljacic@clark.wa.gov |

35668-0002/LEGAL15027261.1
DWT 12178015v4 0025295-000040

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

| FOR DEFENDANT A. JOE HAGEMAN | Via Electronic Service by U.S.D.C. |
|---|---|
| Frank Steinmark<br>Chism Thiel McCafferty & Campbell<br>1601 Fifth Avenue<br>Suite 2210<br>Seattle, WA 98101 | fsteinmark@ctmcslaw.com |
| FOR DEFENDANT LARAMIE PLAINS COMMUNITY FEDERAL CREDIT UNION | Via Electronic Service by U.S.D.C. |
| Michael E. Siderius<br>SIDERIUS LONERGAN & MARTIN<br>500 Union Street<br>Suite 847<br>Seattle, WA 98101-2394 | michaels@sidlon.com |
| FOR DEFENDANT LARAMIE POLICE DEPARTMENT, GWENDOLYN K SMITH, AND CITY COUNCIL | Via Electronic Service by U.S.D.C. |
| John Mark Stewart<br>Davis & Cannon, LLP<br>422 W. 26th Street<br>Cheyenne, WY 82001 | mark@davisandcannonchey.com |
| FOR DEFENDANT MEDIANEWS GROUP | Via Electronic Service by U.S.D.C. |
| David J. Burman<br>Perkins Coie LLP<br>1201 Third Avenue<br>Suite 4800<br>Seattle, WA 98101-3099 | dburman@perkinscoie.com |
| CO-COUNSEL FOR DEFENDANT GWENDOLYN K. SMITH | Via Electronic Service by U.S.D.C. |
| Michael Barry Tierney<br>MICHAEL B TIERNEY PC<br>2955 80th Avenue S.E.<br>Suite 205<br>Mercer Island, WA 98040 | tierney@tierneylaw.com |

MEDIA DEFENDANTS' MOTION TO DISMISS (C08-5501RBL) — 10

Davis Wright Tremaine LLP<br>LAW OFFICES<br>Suite 2200 · 1201 Third Avenue<br>Seattle, Washington 98101-3045<br>(206) 622-3150 · Fax: (206) 757-7700

| **FOR DEFENDANTS STATE OF WASHINGTON; CHRISTINE O. GREGOIRE, GOVERNOR OF THE STATE OF WASHINGTON; AND WASHINGTON STATE PATROL**<br><br>Mark Conlin Jobson, WSBA No. 22171<br>Assistant Attorney General<br>Torts Division<br>7141 Cleanwater Drive SW<br>P.O. Box 40126<br>Olympia, WA  98504-0126 | **Via Electronic Service by U.S.D.C.**<br><br>MarkJ@atg.wa.gov, CynthiaM4@atg.gov, KathrynL@atg.wa.gov;<br>TorOlyEF@atg.wa.gov |
| **FOR DEFENDANT STATE OF WYOMING, DAVE FREUDENTHAL, GWENDOLYN SMITH, SECOND JUDICIAL CIRCUIT COURT**<br><br>Christine Cox<br>Wyoming Attorney General's Office<br>2424 Pioneer Avenue 2nd Floor<br>Cheyenne, WY  82002 | **Via Electronic Service by U.S.D.C.**<br><br>ccox1@state.wy.us |
| **FOR DEFENDANTS BOARD OF COUNTY COMMISSIONERS OF ALBANY COUNTY, ALBANY COUNTY SHERIFF'S DEPARTMENT, AND RICHARD BOHLING**<br><br>Francis S. Floyd<br>Nicholas L. Jenkins<br>Floyd Pflueger & Ringer PS<br>300 Trianon Building<br>2505 Third Avenue<br>Seattle, WA  98121-1445<br><br>Richard Rideout, PC<br>211 West 19th Street, Suite 100<br>P.O. Box 389<br>Cheyenne, WY  82003-0389 | **Via Electronic Service by U.S.D.C.**<br><br>ffloyd@floyd-ringer.com<br>njenkins@floyd-ringer.com<br><br><br>rsrideout@qwestoffice.net |

MEDIA DEFENDANTS' MOTION TO DISMISS (C08-5501RBL) — 11
35668-0002/LEGAL15027261.1
DWT 12178015v4 0025295-000040

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

1         I declare under penalty of perjury that the above and foregoing is true and correct.

2         DATED in Seattle, Washington this 18th day of December, 2008.

3

4                      /s/ Ambika Doran
                     Ambika K. Doran

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

MEDIA DEFENDANTS' MOTION TO DISMISS (C08-
5501RBL) — 12
35668-0002/LEGAL15027261.1
DWT 12178015v4 0025295-000040

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700