HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LYNN ANN HUST,

    Plaintiff,

  v.

THE STATE OF WYOMING; et al,

    Defendants.

Case No. C08-5501RBL

ORDER ON MOTIONS TO DISMISS

  THIS MATTER comes on before the Court upon Motions to Dismiss filed by multiple defendants:

- City Council of Laramie, Wyoming; Laramie Police Department; Police Officer Gwendolyn Smith [Dkt. #50];

- Board of County Commissioners of Albany County, Wyoming; Albany County Sheriff's Department; and County Prosecuting Attorney Richard Bohling [Dkt. #68];

- A. Joe Hageman, private attorney and Former City Council Member for Laramie, Wyoming [Dkt. #90];

- State of Washington; Washington State Patrol; Governor Christine Gregoire [Dkt. #88];

- Various media group defendants including – Associated Press, Caspar Star Tribune, Laramie Boomerang, News Corporation, Media News Group [Dkt. #92];

- Clark County defendants including – Clark County Sheriff's Office, Office of Clark County Prosecuting Attorney, Clark County District Court, Superior Court of the State of Washington for Clark County, Clark County Board of County Commissioners and Arthur Curtis, Prosecuting Attorney [Dkt. #93].

1  The Battle Ground Police Department and City Council have brought a Motion for Summary Judgment
2  [Dkt. #94].
3     The Court has reviewed the materials in support of the various motions as well as the Plaintiff's
4  Combined Response in Support of Defendants' Motion to Stay Discovery to Determine Issue of Immunity;
5  and in Opposition to Defendants' Motion for Dismissal and Counterclaim [Dkt. #86]. The plaintiff's
6  response was filed before the State of Washington defendants' Motion to Dismiss [Dkt. #88] and the
7  Motion to Dismiss by A. Joe Hageman [Dkt. #91]. Those motions were ripe on December 19, 2008.
8  Plaintiff did not file a response to either of those motions. The Motion to Dismiss by the media defendants
9  [Dkt. #92] is ripe on January 9, 2009. A response to said motion was due on January 5, 2009. No
10 response was filed by the pro se plaintiff. The Clark County Motion to Dismiss is ripe on January 23,
11 2009. The Battle Ground Summary Judgment Motion is ripe February 6, 2009.
12    In addition to the foregoing, the Court has reviewed plaintiff's 88-page, 424 paragraph complaint
13 together with the Affidavit of Lynn Ann Hust in Support of Civil Rights Complaint and Plaintiff's Master
14 List of Exhibits in Support of Civil Rights Complaint [all filed together as Dkt. #1].
15    Oral argument is not necessary for the Court to resolve the issues presented in these motions.
16    The various motions to dismiss are brought pursuant to various sub-sections of Fed. R. Civ. P. 12.
17 The Wyoming governmental entities and individual residents assert that this Court lacks *in personam*
18 jurisdiction over them. Fed. R. Civ. P. 12(b)(2). The moving defendants from the State of Washington
19 argue that service of process was not properly obtained so that the Court lacks personal jurisdiction over
20 them as well. Fed. R. Civ. P. 12(b)(4). All moving parties claim, for various reasons, that plaintiff's
21 lengthy complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

**FACTUAL BACKGROUND**

23 Pro Se Plaintiff Lynn Ann Hust filed this Civil Rights Complaint as part of her on-going effort to
24 discourage or prevent her extradition from Washington to Wyoming to face criminal charges for passing
25 bad checks. This is not her first effort to seek judicial intervention in connection with her legal troubles in
26 Wyoming. In her Combined Response In Opposition to Defendants' Motion for Dismissal and
27 Counterclaim [Response] [Dkt. #86], plaintiff refers to a 2006 action commenced in the Southern District
28 of California (Case No. CV06-01537 IEG) in which Hust sought to enjoin many of these same defendants

from arresting her for the purpose of extraditing her to Wyoming. That Court dismissed the Complaint with prejudice for lack of personal jurisdiction and failure to state a claim pursuant to Rule 12(b)(6). In 2008, Ms. Hust sought habeas corpus relief pursuant to 28 U.S.C. §2241. (Case No. C08-5435RBL). This Court denied her request for injunctive relief (to stay all state extradition proceedings) and dismissed her petition without prejudice because only in the most unusual circumstances is a petitioner entitled to have the federal court intervene before the case is concluded in the state courts. *Drury v. Cox*, 457 F.2d 764, 764-65 (9th Cir. 1972).

Shortly after the Magistrate Judge issued her Report and Recommendation to Dismiss the Habeas Petition (July 25, 2008), plaintiff filed this $100 million Civil Rights Complaint (August 8, 2008). In the complaint, she tells a tale of government corruption and persecution so extensive and far-reaching that one would expect it could only have been conceived and run out of the Illinois Governor's Office.

Plaintiff claims that she was tricked into going to Wyoming by the Laramie Economic Development Corporation (LEDC) and the promise of federal funding for her to use in training future employees for the Wyoming workforce. She claims that once in Laramie, a conspiracy of government officials, economic development representatives and bankers formed to destroy her and her business. Delivery of grant funds to plaintiff was delayed by program administrators and bankers improperly closed plaintiff's business checking accounts. These actions combined to place severe financial pressure on plaintiff's business. She ultimately wrote checks to landlords and employees that could not be cashed either because of insufficient funds or because the account upon which the check was drawn had been closed.

The conspiracy against plaintiff expanded. A. Joe Hageman, the lawyer for one unpaid landlord, wrote a letter to the Prosecuting Attorney for Albany County in May 2005 to complain about a dishonored rent check. At about that time, plaintiff permanently departed Laramie, "for fear of her life by individuals associated . . . with the LEDC." (Para. 109 of Complaint [Dkt. #1]). She fled to Washington state. Following an investigation and upon affidavit of Laramie Police Officer, Gwen Smith, an arrest warrant was issued by the Albany County Circuit Court on December 20, 2005. When the Prosecuting Attorney learned of plaintiff's whereabouts, extradition efforts were initiated in May 2006. Police in Battle Ground, Washington arrested and held plaintiff at the request of Wyoming authorities. Plaintiff posted bail.

Following receipt of extradition papers from Governor Freudenthal, Washington's Governor

Gregoire, on June 15, 2006, issued a Governor's Warrant for the extradition of plaintiff to Laramie, Wyoming. The warrants were allegedly not served on plaintiff until she was again located in 2008. She was re-arrested on June 13, 2008. A hearing was scheduled for July 16, 2008 and plaintiff apparently did not appear. (Para. 263, Complaint [Dkt. #1]). On July 28, 2008, Battle Ground police were still trying to locate plaintiff to arrest her (apparently for failure to appear). (Para. 270, Complaint [Dkt. #1]).

This complaint was filed on August 13, 2008. Defendants co-conspirators include both states (Wyoming and Washington), both Governors (Freudenthal and Gregoire), and prosecutors, law enforcement, judicial officers and city and county officials from Laramie, Albany County, and the State of Wyoming as well as Battle Ground, Clark County, and the State of Washington. Co-conspirator defendants also include the Wyoming news organizations that wrote about plaintiff's legal difficulties and the Credit Union that dishonored checks written by Ms. Hust.

## DISCUSSION

**A.** *Heck v. Humphrey*.

Following review of the Complaint and the supporting documents filed by plaintiff at the commencement of this action, the Court concludes that this lawsuit is at once too early and too late. For those defendants who face allegations related to the arrest, threatened extradition and threatened prosecution of plaintiff, this action is premature. In order to avoid parallel litigation over issues of probable cause and guilt, the underlying prosecution of a criminal defendant must first run its course favorable to the defendant before a §1983 federal civil rights claim can be pursued. The criminal case must either be dismissed or, if conviction results, said conviction must be set aside by a Court of competent jurisdiction. *See Heck v. Humphrey*, 512 U.S. 477, 484-486 (1994). This Court will not interfere with the criminal prosecution of Ms. Hust. Plaintiff's claims for violation of 42 U.S.C. §§1983, 1985(3) and 1988 are **DISMISSED WITHOUT PREJUDICE** as to all defendants.

**B.  State Law Claims Against Government Entities.**

The states of Wyoming and Washington have both enacted state tort claims filing statutes. Wyo. Stat. Am. 1-39-113, RCW 4.92.110. Each statute requires that before filing a complaint alleging tortious conduct against the State, state agencies or state employees acting within their official duties, a written tort claim must be filed with the State. The Complaint does not indicate that the requirements of either claim

statute was met. The Laramie defendants allege that no tort claim was filed in Wyoming. Plaintiff's opposition does not challenge the assertion. Washington defendants also allege no tort claim was filed in Washington. Plaintiff did not file any response to the motion to dismiss filed by the Washington defendants. The record therefore reveals that no tort claim was filed by plaintiff before commencing this tort action against Wyoming and Washington government entities and officials. Accordingly, the state law claims against the State of Washington, its agencies, departments, municipalities and employees are **DISMISSED WITHOUT PREJUDICE**. Likewise, the state law claims against the State of Wyoming, its agencies, departments, municipalities and employees are **DISMISSED WITHOUT PREJUDICE**.

### C. Claims Against Media Defendants.

Plaintiff alleges in her complaint that media defendants are "responsible for the false light publication on May 20, 2005 in furtherance of the . . . conspiracy." (Paras. 42-45, 358 of Complaint [Dkt. #1]). She also claims that several other articles were published by Media defendants, but does not appear to claim any of these articles were false and defamatory. (Paras. 96, 125-26, 137, 165-68, 272 of Complaint [Dkt. #1]). The most recent article identified was published on July 17, 2006. (Para. 272). The complaint was filed on August 13, 2008.

Media defendants move to dismiss all claims against them based upon the two year statute of limitations for defamation. RCW 4.16.100. All common law claims arising from the publication of an allegedly defamatory article or writing are included within the limitation. *Eastwood v. Cascade Broad. Co.*, 106 Wn.2d 466 (1986). Because the complaint was filed more than two years after the articles were published, all of plaintiff's claims against the media defendants are **DISMISSED WITH PREJUDICE.**

## CONCLUSION

Pursuant to the various motions to dismiss on the pleadings, and for the reasons stated above, the Plaintiff's action is **DISMISSED WITHOUT PREJUDICE**. The underlying criminal action against Ms. Hust must run its course before a §1983 claim can be pursued against these defendants. No state law tort action can be pursued until a written tort claim is filed according to Wyoming and Washington law. The defamation claims, including those claims arising out of the allegedly defamatory reporting of Ms. Hust's legal troubles in Wyoming are barred by the applicable statute of limitations. The Court declines to accept supplemental jurisdiction over any remaining state law claims, including those state law claims against A.

1 Joe Hageman and Laramie Plains Community Federal Credit Union.  The Court declines to rule at this stage of the proceedings that the Court lacks *in personam* jurisdiction over the Wyoming defendants.  Plaintiff alleges a vast conspiracy.  Accepting the allegations as true and following the example of *Ziegler v. Indian River County*, 64 F.3d 470 (9th Cir. 1995), this Court cannot say that specific jurisdiction is lacking over the person of these defendants.  The Court need not address claims of sovereign immunity, judicial immunity or qualified immunity in order to dispose of this matter.

For reasons stated in this Order, the most recent motion filed by the Clark County defendants [Dkt. #93] is **GRANTED**.  Because the non-moving parties are in the identical position as those defendants who have brought motions to dismiss, the action as against all non-moving defendants is likewise **DISMISSED WITHOUT PREJUDICE**.  The Motion for Summary Judgment filed by the Battle Ground defendants [Dkt. #94] is **DENIED AS MOOT**.

Dated this 6th day of January, 2009.

/s/ Ronald B. Leighton
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE