HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LYNN ANN HUST,

        Plaintiff,

v.

THE STATE OF WYOMING; et al,

        Defendants.

Case No. C08-5501RBL

ORDER REQUESTING LIMITED RESPONSE TO MOTION FOR RECONSIDERATION

THIS MATTER comes before the Court on Plaintiff's Motion for Reconsideration [Dkt. # 97] of the Court's Order [Dkt. #96] Granting Defendants' Motions to Dismiss without prejudice. The Court has reviewed and considered the Motion. Under Local Rule 7(e)(3), the Court Requests that the Defendants submit a Response to the Motion, limited to the issue below.

Plaintiff argues that under *Wallace v. Kato*, 549 U.S. 384 (2007), her §1983 claim for false arrest[1] in violation of the Fourth Amendment (and associated "civil conspiracy" claims arising from her arrests) has accrued and is viable, notwithstanding *Heck v. Humphries*, 512 U.S. 477 (1994). The State of Washington Defendants sought dismissal of this claim under *Heck* [*See* Dkt. #88 at p. 6] and the Clark

---

[1] Plaintiff argues that this authority also supports as "against all defendants" her claims for abuse of process and malicious prosecution. [*See* Dkt. #97 at p.3, paragraph 4] The court does not agree, and will not on the authority of *Wallace* revisit the dismissal of those claims. Plaintiff's new *Wallace* argument applies, if at all, only to the false arrest and related claims, not to the abuse of process and malicious prosecution claims.

ORDER
Page - 1

County defendants relied on that portion of the State's Motion in seeking dismissal of that claim against them [*See* Dkt. #93 at p.3]. The Defendants' Motions did not cite or distinguish *Wallace v. Kato*.

Plaintiff's Response [Dkt. #86] to the Laramie Police Department's Motion to Dismiss [Dkt. #50] cited *Heck* for an unrelated proposition, and did not cite *Wallace*. Plaintiff did not Respond to the subsequent Dispositive Motions [Dkt. #s 88, 90, and 92], which were noted prior to the date of the Court's Order. (The Clark County Defendants' Motion to Dismiss [Dkt. #93] was not noted until January 23, 2009)

The Plaintiff's §1983 false arrest (and associated "civil conspiracy") claims as against all Defendants were dismissed on the authority of *Heck*.

The Court seeks a Response from the Defendants on the applicability of *Heck* to a false arrest claims (and associated "civil conspiracy" claims), in light of the newly-cited authority, *Wallace v. Kato*. The Defendants' Response may also include a brief argument as to other bases for dismissal of the false arrest (and associated "civil conspiracy") claims.

IT IS SO ORDERED.

Dated this 14th day of January, 2009.

/s/ Ronald B. Leighton
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE