HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LYNN ANN HUST,

        Plaintiff,

    v.

THE STATE OF WYOMING; et al,

        Defendants.

Case No. C08-5501 RBL

ORDER DENYING MOTION FOR RECONSIDERATION

THIS MATTER having come before the Court upon Plaintiff's motion for reconsideration [Dkt. #97]. The Court has reviewed the materials related to Plaintiff's motion for reconsideration in light of *Wallace v. Kato*, 549 U.S. 384 (2007). Because that decision does not alter the Court's previous reasons for granting dismissal, Plaintiff's motion is DENIED.

## I. Background

Pro Se Plaintiff Lynn Ann Hust (Plaintiff or Ms. Hust) filed this Civil Rights complaint on August 13, 2008, after being arrested in this state pursuant to a warrant issued in Wyoming for passing bad checks [Dkt. #1]. Included in her extensive conspiracy allegations was a claim for false arrest under 42 U.S.C. § 1983. *Id.* The Court dismissed Plaintiff's suit based upon, among other things, the concurrent criminal

prosecution pending against Plaintiff in Wyoming [Order, Dkt. #97] *See Heck v. Humphrey*, 512 U.S. 477, 484-486 (1994) (holding that a criminal case must first run its course in favor of the defendant before a § 1983 federal civil rights case can be pursued). Absent from the prior briefing and the Court's order was a discussion regarding the application of *Wallace v. Kato* to Plaintiff's § 1983 false arrest claim. In response to Plaintiff's motion for reconsideration, the Court requested briefing from the parties discussing the effect, if any, *Wallace* would have on the viability of Plaintiff's § 1983 false arrest claim [Order, Dkt. #99].

## II. Discussion

The Court in *Heck* held that in bringing a cause of action under § 1983, a plaintiff must first prove that a conviction or sentence has already been overturned in some proceeding subsequent to the original criminal trial itself. 512 U.S. at 486-87. If the plaintiff fails to meet this burden, her § 1983 claim must be dismissed as it would otherwise imply that the original criminal trial was itself invalid. *Id*. This bar on civil litigation while parallel criminal proceedings are pending precludes Ms. Hust's § 1983 claim at this point in time. However, Plaintiff argues that the *Wallace* decision somehow saves her § 1983 claim.

*Wallace v. Kato* does not prevent dismissal of Plaintiff's suit. The plaintiff in *Wallace* was arrested without a warrant; therefore, without the use of legal process. 549 U.S. at 386. He later brought suit under § 1983 seeking damages for a false arrest in violation of the Fourth Amendment. The Supreme Court determined that because the plaintiff was arrested without a warrant, there was an absence of legal process, allowing him to bring a false arrest claim without first proving that his conviction had been overturned[1]. *Id*. at 389. Put another way, a plaintiff has a complete and present cause of action under § 1983, notwithstanding the *Heck* bar, when he claims false arrest due to an absence of legal process. This is the extent to which *Wallace* modified *Heck*. False arrest claims for damages are temporally limited to the

---

[1] Plaintiff was allowed to bring suit upon his warrantless arrest as he then had a complete cause of action for false arrest. However, Plaintiff failed to bring his suit within the statutory period relying on the *Heck* bar on civil litigation when concurrent criminal litigation is pending, and thus his § 1983 claim was barred by the statute of limitations.

time between when the plaintiff's arrest without legal process and the time when legal process initiated. *Id*. At 390. Once legal process is initiated (as is the case when an arrest is made pursuant to a warrant) only claims for malicious prosecution are cognizable under § 1983. As is discussed above, a plaintiff has no complete cause of action for malicious prosecution under § 1983 without first proving her conviction or sentence has been subsequently overturned.

*Wallace* does not prevent Ms. Hust's §1983 claim from being dismissed. Unlike the plaintiff in *Wallace*, Ms. Hust was arrested pursuant to legal process; therefore, she has no cognizable false arrest claim. Because Ms. Hust cannot prove that her conviction or sentence has been overturned, she does not have a complete and present cause of action for malicious prosecution under *Heck*.

### III. Conclusion

The *Wallace v. Kato* decision does not affect the Court's dismissal of Plaintiff's suit because she was arrested pursuant to legal process. Until Plaintiff can prove that her conviction or sentence has been subsequently overturned, she has no complete cause of action under 42 U.S.C. § 1983; therefore, Plaintiff's motion for reconsideration is DENIED.

IT IS SO ORDERED.

Dated this 4th day of February, 2009.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE